598 So.2d 316 (1992)
William C. SNEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2293.
District Court of Appeal of Florida, Fifth District.
May 22, 1992.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Foster, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Snead appeals from his sentence of seven years (with credit for time served), which was imposed pursuant to the habitual offender statute.[1] He argues that since the court did not originally sentence him as an habitual offender in 1990, the court could not "aggravate" his sentence by "habitualizing" him after he was found to have violated the terms of his probation in 1991. We disagree and acknowledge a conflict with Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), rev. denied, 560 So.2d 235 (Fla. 1990).
In this case, Snead was charged in 1990 with possession of cocaine[2] and resisting arrest with violence.[3] He and the state *317 entered into a plea bargain whereby he agreed to plead nolo contendere to the possession charge and the state nolle prossed the resisting charge. The plea bargain contemplated a guidelines sentence, but noted the judge could depart upward to a maximum of five years by giving valid written reasons. Nothing was said about the consequences of violating probation and the kind of sentence that might then be imposed.
The state dropped the resisting charge and Snead was adjudicated guilty of possession. Sentence was withheld, and Snead was placed on probation. Snead's scoresheet put him in the non-state prison bracket. The judge obviously did not elect to "depart" upwards.
On June 3, 1991, an amended affidavit of violation of probation was filed. Various conditions were alleged to have been violated and the court so found. The state then filed its notice to seek sentencing pursuant to the habitual offender statute because Snead had committed two prior Florida felonies, and one fell within five years of the 1990 possession crime.
Our sister court concluded in Scott that a court must sentence a defendant as an habitual offender at the first opportunity, and if it fails to do so, it cannot impose an habitual offender sentence after a later violation of probation. Judge Letts reasoned:
The purpose of habitualization is to protect society against habitual offenders. Probation, on the other hand, may only be imposed if it appears to the court that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffers the penalty imposed by law. Indeed, in Shead v. State, 367 So.2d 264, 267 (Fla. 3d DCA 1979) the court noted that the required findings under the habitual offender statute and the probation statute are `inconsistent and mutually exclusive.' [citations omitted]
Scott at 111. The court reversed a habitual offender sentence and remanded for imposition of a guidelines sentence with the sole possibility of a one-cell increase because of the violation of probation, relying on Lambert v. State, 545 So.2d 838 (Fla. 1989).
However, it appears to us that Lambert involved only the issue of whether or not factors relating to violation of probation could be used as grounds for departing upwards in imposing a guidelines sentence, after the defendant violated probation and was being sentenced for the original crime. The court held that the sentence could only be increased by one guidelines bracket for those reasons. Since Lambert, the court has permitted multiple bracket increases to correspond with multiple probation violations.[4] But neither of these cases deal with the application of the habitual offender statute in sentencing for the original offense, after violation of probation.
In Williams v. State, 581 So.2d 144 (Fla. 1991), the supreme court held that after withholding imposition of sentence and placing a defendant on probation, if the defendant violates probation, the judge may in sentencing for the original violation, depart upwards beyond the one-cell bump-up, for reasons which would have initially supported such a departure. The court distinguished Lambert and Ree v. State, 565 So.2d 1329 (Fla. 1990) because both deal with the impropriety of using the circumstance which culminated in revoking a defendant's probation status, to depart "upwards" in imposing a guidelines sentence. In Williams, as in this case, the court was imposing a sentence using facts in existence prior to the violation of probation.
In Poore v. State, 531 So.2d 161 (Fla. 1988) the supreme court held that if a defendant violates probation after being placed on probation for a criminal offense the judge may return to "square one" and "impose any sentence it originally might have imposed, with credit for time served and subject to the guidelines recommendation." 531 So.2d at 164. This is consistent *318 with section 948.06(1), Florida Statutes (1989) which provides:
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.

If in this case, we have really returned to "square one," where the trial court is free to impose any sentence it might have originally imposed, that should include inter alia the imposition of a habitual offender sentence. See Williams. Such a sentence is based on the defendant's prior record which preceded the offenses for which the sentence is being imposed. It does not depend upon any aggravating factors as to how the defendant violated probation. Accordingly, we affirm Snead's sentence but we note a conflict with State v. Scott.
AFFIRMED.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] § 775.084, Fla. Stat. (1989).
[2] § 893.13(1)(f), Fla. Stat. (1989).
[3] § 843.01, Fla. Stat. (1989).
[4] See Williams v. State, 594 So.2d 273 (Fla. 1992).