616 So.2d 964 (1993)
William C. SNEAD, Petitioner,
v.
STATE of Florida, Respondent.
No. 80067.
Supreme Court of Florida.
April 8, 1993.
James B. Gibson, Public Defender and Sophia Ehringer, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
We review Snead v. State, 598 So.2d 316 (Fla. 5th DCA 1992), which directly conflicts with Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), review dismissed, 560 So.2d 235 (Fla. 1990). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We quash the decision of the district court and approve Scott.
In 1990 William C. Snead was charged with one count of possession of cocaine[1] *965 and one count of resisting arrest without violence.[2] As part of a plea agreement, he pled nolo contendere to the possession charge and the State nolle prossed the charge of resisting arrest. Snead was adjudicated guilty of the possession offense and, subsequently, the trial court placed him on probation for five years.[3] On June 3, 1991, the State filed an amended affidavit of violation of probation. Because Snead had committed two prior felonies, with one falling within five years of the 1990 possession crime, the State filed a notice on July 26, 1991 to seek sentencing pursuant to the habitual offender statute.[4]
At the sentencing hearing for Snead's violation of probation, the trial judge found him to be a habitual offender and sentenced him to seven years' incarceration. The district court reasoned that in cases where the trial court is free to impose any sentence it might have originally imposed, the court's choice of sentences should include the habitual offender sentence. Thus, the district court affirmed Snead's sentence of seven years' incarceration, but acknowledged conflict with Scott.
In Scott, the defendant was placed on probation and was advised that if he violated his probation, he could be sentenced to up to fifteen years in prison, the statutory maximum for robbery. At the sentencing hearing for violation of probation, the trial court sentenced Scott as a habitual offender. The Fourth District Court of Appeal reversed and remanded the case for entry of a sentence within the original guidelines range. The court's holding in Scott was based upon Lambert v. State, 545 So.2d 838 (Fla. 1989), which held that a violation of probation did not permit an increase or departure in sentencing.
We have limited Lambert to those cases "`where the factors on which the departure sentence is based relate to the acts or episode constituting the violation of probation or community control.'" Williams v. State, 581 So.2d 144, 145-146 (Fla. 1991), (quoting Williams v. State, 566 So.2d 299, 301 (Fla. 1st DCA 1990)). However, if the reasons for departure existed when the judge initially sentenced the defendant, then the trial court may depart from the presumptive guidelines range and impose a sentence within the statutory limit. Id.; § 948.06(1), Fla. Stat. (1989). Subsection 948.06(1), Florida Statutes (1989), provides that
if probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
Snead contends that the habitual offender sentence was not an option the trial court could have considered based on the facts of this particular case. We agree.
In order for a defendant to be habitualized following a guilty or nolo plea, the defendant must be given written notice of intent to habitualize and the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization. Ashley v. State, 614 So.2d 486 (Fla. 1993); § 775.084(3)(b), Fla. Stat. (1989).[5] The State did not seek an enhanced penalty nor did it file its notice of intent to habitualize prior to Snead's plea hearing. Therefore, the trial judge did not, at the time of the original *966 sentencing hearing, have the option of imposing a habitual offender sentence.
Consistent with Rule 3.701(d)(14), Florida Rules of Criminal Procedure,[6] the trial court is limited to sentencing Snead to the one-cell increase permitted by the sentencing guidelines. See Williams v. State, 594 So.2d 273 (Fla. 1992) (where there are multiple violations of probation, a sentence may be bumped to one higher cell for each violation). We believe that this result provides the trial court with the flexibility necessary to punish offenders who violate the terms of their probation, while still providing defendants who enter a plea agreement with the requisite notice of the most severe punishment that can be imposed. For these reasons, we approve Scott and we quash the decision under review and remand it for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1989).
[2] Section 843.01, Fla. Stat. (1989).
[3] Snead's sentencing guidelines scoresheet placed him in the nonstate prison bracket.
[4] If a defendant is classified as a habitual offender pursuant to section 775.084, Florida Statutes (1989), the court may impose an enhanced sentence as an alternative to guidelines sentencing. The statute authorizes extended terms of imprisonment for habitual offenders and eliminates the possibility of early release through parole or accrual of basic or meritorious gain-time or provisional credits.
[5] Section 775.084(3)(b), Florida Statutes (1989), provides:

Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
[6] Rule 3.701(d)(14), Florida Rules of Criminal Procedure, provides:

Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.