PER CURIAM.
The appellant challenges his habitual offender sentences in seven cases. We reverse the sentences in five of those eases and affirm the sentences in the other two cases.
In the first five cases involved in this appeal the appellant was sentenced for offenses underlying probation. In each of those cases, the appellant entered a plea of no contest or guilty. In none of these *234 cases was the defendant given written notice of intent to habitualize.
The supreme court has recently held that in order for a defendant to be habitualized following a guilty or nolo plea, the defendant must be given written notice of intent to habitualize and the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization. Snead v. State, 616 So.2d 964 (Fla.1993). The requirements of this rule were not met in the first five cases brought here for review by the appellant. Accordingly, we reverse the appellant’s sentences in those eases (Circuit Court Cases No. 89-7893, No. 89-13253, No. 89-15281, No. 90-3238, and No. 90-3408) and remand for resentencing in those cases within the sentencing guidelines.
■ In the other two cases, No. 91-10555 and No. 91-12136, the appellant pled no contest to charged offenses for which he had not previously been sentenced. The sentences in these cases meet the requirements of the rule expressed in Snead. Accordingly, we affirm those sentences.
Affirmed in part; reversed in part and remanded for resentencing.
DANAHY, A.C.J., and LEHAN and PATTERSON, JJ., concur.