PER CURIAM.
J.D. Syples challenges the judgment and sentence imposed by the trial court which exceeds the maximum penalty indicated in the plea form he executed. We reverse and remand for further proceedings.
A plea hearing was conducted in which Syples pled guilty to lesser included offenses. He was informed by the court that the maximum penalty he could receive was five years and a $5,000.00 fine. A plea form was also executed which states that the maximum penalty for the charge of attempted lewd and lascivious act is five years. At the time the plea was taken, the court advised Syples that he might be ha-bitualized, but did not explain that he was in jeopardy of a sentence in excess of five years.
Subsequently, it was determined that Sy-ples qualified for classification as a habitual felony offender and he was sentenced to ten years imprisonment on each of the two counts to run consecutively. The trial court’s action was improper. See Ashley v. State, 614 So.2d 486 (Fla.1993).
Reversed and remanded with directions to the trial court to enter a maximum sentence of five years in accordance with the terms of the plea form, or that Syples be allowed to withdraw his plea of guilty.
SCHOONOVER, A.C.J., and HALL and BLUE, JJ., concur.