624 So.2d 821 (1993)
Henry Richard BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00101.
District Court of Appeal of Florida, Second District.
September 29, 1993.
James Marion Moorman, Public Defender, Bartow, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Henry Richard Bell appeals his habitual violent felony offender sentence which the trial court imposed after he entered a plea of nolo contendere to aggravated battery. We reverse and remand this case to the trial court to permit Bell to withdraw his plea.
Henry Richard Bell entered an open plea of nolo contendere to aggravated battery. Even though the state had filed a notice to treat him as a habitual violent felony offender, the written plea form stated that the maximum penalty was fifteen years. The trial judge stated at the plea hearing that the maximum penalty was fifteen years. The trial judge also noted that the state had requested that Bell be treated as a habitual violent felony offender and that that would require Bell to serve a mandatory minimum sentence. The trial judge sentenced Bell to fifteen years in prison followed by fifteen years' probation as a habitual violent felony offender.
The trial court did not have the benefit of the supreme court's opinion in Ashley v. State, 614 So.2d 486 (Fla. 1993), which concluded that a trial court must confirm that a defendant entering a plea personally is aware of the consequences of habitualization. This includes the maximum habitual offender term for the charged offense and the fact that habitualization may affect the possibility of early release. Ashley, 614 So.2d at 490 n. 8.
The record in this case does not reveal that the trial court ever confirmed that Bell personally knew that he could receive up to thirty years in prison and that he would not be eligible for some gain time. Thus, there was no showing that Bell knowingly and intelligently entered the plea.
Bell argues that this court should direct the trial court to resentence Bell to no more than fifteen years. Ashley could be read to require such a disposition because the Ashley court remanded the case "for imposition of a sentence consistent with the terms under which Ashley's plea was proffered and accepted." Ashley, 614 So.2d at 491. Ashley, however, can be distinguished from the instant case because the written plea in Ashley specifically stated that the defendant would be sentenced under the guidelines and then the court sentenced him as a habitual offender. There is no similar provision in Bell's plea. Bell's was an open plea, and he was not promised anything. He was misinformed about the possible maximum sentence and was uninformed as to how habitualization would affect his early release. Based on *822 these circumstances, we vacate Bell's sentence and remand this case to the trial court to allow Bell to withdraw his plea and thereafter to enter a new plea to the charge or to proceed to trial.
Reversed and remanded.
FRANK, C.J., and RYDER, J., concur.