ON CONFESSION OF ERROR
PER CURIAM.
At a sentencing hearing for a violation of probation, in order for a defendant to be sentenced as a habitual offender following an initial guilty or nolo contendere plea, the defendant must have been given written notice of the State’s intent to seek a habitual offender sentence and the court must confirm that the defendant was aware of the possibility of habitualization and its consequences when he was placed on probation. Snead v. State, 616 So.2d 964, 965 (Fla.1993). We hold that since the State failed to provide notice of its intent to seek habitualization when the .plea was accepted, the trial court *1138 could not impose a habitual offender sentence.
The ten-year sentence imposed below for armed robbery under the habitual offender statute, after the defendant’s one-year probation period was revoked upon his nolo con-tendere plea, is therefore reversed and the cause is remanded to the trial court with directions to resentence the defendant under the sentencing guidelines.
Reversed and remanded.