GUNTHER, Judge.
Appellant contends that the trial court erred in sentencing him as an habitual felony offender where the State did not file its notice of intent to habitualize until after appellant’s nolo contendere plea had been accepted. We agree and reverse.
To habitualize a defendant following a guilty or nolo contendere plea, a defendant must have been given prior written notice of intent to habitualize and must have been informed of the possibility and consequences of habitualization before the plea is accepted. Ashley v. State, 614 So.2d 486, 490 (Fla.1993). At the time appellant tendered his plea, which the trial court accepted, appellant had not been given prior written notice of intent to habitualize nor had he been informed of the possibility and consequences of habituali-zation. Accordingly, we reverse appellant’s habitual offender sentence. On remand, the trial court is instructed to enter a sentence in accordance with appellant’s plea.
REVERSED AND REMANDED.
GLICKSTEIN and FARMER, JJ., concur.