636 So.2d 153 (1994)
Robert HEATLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3364.
District Court of Appeal of Florida, First District.
April 27, 1994.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Senior Judge.
Robert Heatley has appealed from an habitual felony offender sentence imposed following his plea of guilty to burglary of a structure. We affirm.
In March 1991, the state served its "notice of intent to classify defendant as a habitual felony offender" as to the foregoing offense, which notice informed Heatley of the maximum habitual felony offender sentence, and that he would be ineligible for gain time. Heatley later signed a written plea agreement providing for a guilty plea in return for 12-30 months incarceration or community control, with the proviso that "[i]f [he] fails to ... return for sentencing, plea stands and defendant may be sentenced to maximum allowed  10 year [sic] as habitual offender" (emphasis supplied).
At the June 1991 plea hearing, prior to accepting the plea, the trial court personally *154 confirmed Heatley's awareness of the maximum habitual offender term and that, as an habitual offender, he would receive no gain time. Heatley failed to appear for his July 1991 sentencing, and on August 28, 1992 was sentenced to four years as an habitual felony offender.
Heatley's sole argument herein is that this sentence must be reversed based on Ashley v. State, 614 So.2d 486 (Fla. 1993) (a defendant must be given written notice of the intent to habitualize prior to the acceptance of his plea). Heatley acknowledges that he received the requisite prior notice. However, he cites additional language in that case holding that, prior to acceptance of a plea, the trial court must "confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization." Ashley, 614 So.2d at 490. Heatley notes that the court did not mention his ineligibility for "control release," pursuant to section 947.146, Florida Statutes (1989).[1]
It is well established that an appeal from a guilty plea should never be a substitute for a motion to withdraw the plea. Robinson v. State, 373 So.2d 898, 902 (Fla. 1979). If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. If the action of the trial court on such a motion is adverse to the defendant, it would be subject to review on direct appeal. Robinson, 373 So.2d at 902. See also Trujillo-Pentate v. State, 609 So.2d 72 (Fla. 1st DCA 1992), reversed on other grounds 620 So.2d 1231 (Fla. 1993); Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990).
In the present posture of this case, appellant's reliance upon Ashley is misplaced. In that case, it was clear that the defendant entered his guilty plea prior to being informed that he would be treated as an habitual offender, thus obviating any requirement that he make a further showing that he knew the consequences of habitualization. The relief granted in Ashley (a guidelines or departure sentence) was appropriate in that case because it would have been the only sentence available to the trial court at the time it accepted Ashley's plea.
Because Heatley did not follow the requirements of Robinson, the court need not at this time reach the question of the extent to which the Ashley decision requires a trial judge to inform the defendant of the "reasonable consequences of habitualization" in a case in which the defendant receives statutory notice of intent to habitualize prior to entering a plea. Ashley, 614 So.2d at 490. Ashley turned primarily on the prosecution's failure to give notice of intent to habitualize before the plea. It therefore remains for the supreme court to clarify the application of that case in other factual contexts.
We affirm the sentence imposed herein.
BOOTH and KAHN, JJ., concur.
NOTES
[1] Section 775.084(4)(e), Florida Statutes (1989), in effect at the time Heatley committed his offense, provides that "[t]he provisions of chapter 947 shall not be applied [to defendants sentenced under this section]."