SHIVERS, Senior Judge.
Walter Reese Wesley has appealed from an habitual violent felony offender sentence imposed after his plea of guilty to second-degree murder. We affirm.
Wesley first alleges that, despite the state’s notice of habitualfeation prior to entry of his plea, his sentence must be reversed in that the trial court did not personally confirm his knowledge of the “reasonable consequences” of the plea. See Ashley v. State, 614 So.2d 486 (Fla.1993). We affirm for the reasons set forth in Heatley v. State, 636 So.2d 153 (Fla. 1st DCA 1994).
Wesley further alleges that he did not qualify for habitual violent felony offender classification, in that his prior offense of “rape”[1] is not specifically enumerated as a qualifying felony in section 775.084(l)(b)l., Florida Statutes (1991). We reject this argument, in that the offense of “rape” is clearly encompassed by the current definition of “sexual battery,” an offense enumerated in the statute as a qualifying felony for habitual violent felony offender classification. See § 775.084(l)(b)l.b., Fla.Stat. (1991).
We affirm.
BOOTH and KAHN, JJ., concur.

. In 1969, Wesley was convicted of “rape" as defined in section 794.01, Florida Statutes (1969) (ravishes or carnally knows a female of the age of ten years or more, by force and against her will). This statute was repealed in 1974, and replaced by a statute defining the crime of "sexual battery,” i.e., “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.01 l(l)(h), Fla.Stat.