PER CURIAM.
The appellant, Alfonso A. Gonzalez, challenges the trial court’s judgment and sentence. We find that the trial court erred in failing to inform the appellant of his possible sentence prior to accepting his guilty plea and, accordingly, reverse.
The appellant pled guilty to burglary of a dwelling, grand theft, grand theft of a motor vehicle, and possession of burglary tools. After the defendant was sworn in at the plea hearing, the following took place:
THE COURT: I show you this form which is entitled plea of guilty and direct your attention to the end of the form and ask you whether or not that’s your signature.
THE DEFENDANT: Yes, sir.
THE COURT: Did you read and understand this before you signed it?
THE DEFENDANT: Yes, sir.
THE COURT: Did you have an opportunity to discuss it with Mr. Gomez (defendant’s counsel)?
. THE DEFENDANT: Yes, sir.
THE COURT: Are you satisfied the Defendant has a sufficient understanding of the contents of this form?
MR. GOMEZ: I am satisfied he understands what he read, Your Honor....
[[Image here]]
THE COURT: The Court has accepted the plea as a knowledgeable and voluntary plea and orders a pre-sentence investigation.
MR. KAPUSTA (prosecutor): Let the record reflect I am now noticing Mr. Gomez and Mr. Gonzalez (defendant) personally with written notice of our intent to have Mr. Gonzalez treated in this case as a habitual felony offender upon sentencing and I have filed that with the Clerk.
The guilty plea form that the appellant had signed did not establish the maximum penalty and, as the above discussion indicates, the *135 appellant was not given notice of habitualization until after the guilty plea was accepted.
For the crime of burglary of a dwelling, the trial court sentenced the appellant to twenty years in prison followed by ten years probation as a habitual felony offender. For the crimes of grand theft, grand theft of a motor vehicle, and possession of burglary tools, the trial court sentenced the appellant to ten years concurrent probation and made those sentences consecutive to the prison sentence for burglary. The appellant filed a timely notice of appeal.
The appellant contends that the trial court erred in failing to inform him of his possible sentence prior to accepting his guilty plea. We agree.
In order for a defendant to be habitu-alized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: (1) The defendant must be given written notice of intent to habitualize, and (2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization. Ashley v. State, 614 So.2d 486 (Fla.1993). The reasonable consequences that the defendant should be made aware of include the maximum possible penalty provided by law that may be imposed for the crime. This requirement is provided for in Florida Rule of Criminal Procedure 3.172, which provides in part as follows:
(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.
[[Image here]]
(c) Determination of Voluntariness. Except when a defendant is not present for a plea, ... the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;
[[Image here]]
In the instant case, it appears from the record that the appellant was not given notice of the state’s intent to habitualize until the trial court accepted his plea at the plea hearing. Further, the maximum possible sentence the appellant could receive was not indicated on the guilty plea form that the appellant had signed and there was no discussion at the plea hearing as to his possible sentence. Thus, there was no showing that the appellant knowingly and voluntarily entered his guilty plea. See Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 622 (1994).
Based on the foregoing, we vacate appellant’s sentence and remand this case to the trial court to allow appellant to withdraw his plea and thereafter to enter a new plea to the charge or to proceed to trial.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.