645 So.2d 1042 (1994)
Bobby WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2801.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
*1043 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant correctly argues that the trial court, prior to accepting his plea, failed to confirm that appellant was personally aware of the reasonable consequences of habitualization. Accordingly, we reverse his sentence and remand with direction hereinafter discussed.
Where the habitualization requirements of Ashley v. State, 614 So.2d 486 (Fla. 1993), are not met prior to habitualizing a defendant who has entered a plea of guilty or nolo contendere, an issue arises as to whether the defendant must be resentenced pursuant to the terms of his plea or whether the trial court may permit the defendant to withdraw his plea, thereby offering the trial court a second opportunity to properly habitualize.
The Ashley court held that "in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: (1) The defendant must be given written notice of intent to habitualize, and (2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization." 614 So.2d at 490 (footnote omitted).[1] Neither prong was met in Ashley. The court vacated the habitualized sentence and remanded for "imposition of a sentence consistent with the terms under which Ashley's plea was proffered and accepted  a guidelines or departure sentence." Id. at 491.
Here, the first prong of Ashley was met, but the second prong was violated. Appellant entered an open plea to the court and the written plea agreement indicated a maximum sentence of fifteen years. Although the plea agreement did not promise a guidelines sentence, it did indicate that appellant reserved the right to appeal any sentence outside the recommended guidelines range. The sentencing guidelines scoresheet, which included points for appellant's prior record, showed a recommended sentencing range of twelve to seventeen years, and a permitted sentencing range of nine to twenty-two years. Without proper habitualization, the statutory maximum sentence for a second degree felony, with which appellant was convicted, is fifteen years. § 775.082(3)(c), Fla. Stat. (1993). The trial court classified appellant *1044 as a habitual felony offender and sentenced him to twenty-two years, to be followed by three years probation. On remand, we direct the trial court to resentence appellant to a maximum of fifteen years pursuant to the terms of his plea agreement.
We recognize that this remedy conflicts with that fashioned by the second district in Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 622 (Fla. 1994). In Bell, the defendant entered an open plea to the court and the plea agreement stated that the maximum penalty was fifteen years. The second prong of Ashley was not satisfied. The defendant argued that he could be resentenced to no more than fifteen years. The Bell court recognized that "Ashley could be read to require such a disposition because the Ashley court remanded the case `for imposition of a sentence consistent with the terms under which Ashley's plea was proffered and accepted.'" 624 So.2d at 821. However, the Bell court determined that such a conclusion was not mandated because, unlike in Ashley, Bell entered an open plea and was not promised anything. Under these facts, the court determined that Ashley did not mandate resentencing within the terms of the plea. Instead the court vacated the sentence and remanded the case to permit the defendant to withdraw his plea and enter a new plea or proceed to trial. In effect, this solution gave the trial court a second opportunity to habitualize correctly by complying with Ashley. See also Syples v. State, 621 So.2d 574 (Fla. 2d DCA 1993) (where defendant was not informed that habitualized sentence could exceed maximum set out in plea form, reverse and remand with instructions to enter maximum sentence set out in plea form or allow defendant to withdraw guilty plea).
In an attempt to reconcile Bell with Ashley, one might argue that where the plea was conditioned on a determinate sentence, improper habitualization should be treated as an illegal sentence and the plea should be enforced, but where the plea was open to the court, improper habitualization mandates that the plea be vacated as involuntary because the defendant was not informed of the intent to habitualize or the consequences thereof. However, we do not find such a distinction convincing.
Although the facts of the instant case are similar to those of Bell, we find nothing in Ashley which suggests that a distinction between an open plea and a negotiated plea is significant or determinative of the remedy. Rather, the Ashley opinion's discussion concerning the promised guidelines sentence is presented within the context of supporting the court's determination that Ashley had not been informed of the intent to, or consequences of, habitualization. In this context, the court explained that at the plea colloquy and in the written plea, the sentencing discussion revolved around a guidelines sentence.
Furthermore, the Ashley court explained that notice of the intent to habitualize and awareness of the consequences thereof were required in order for the plea to be knowing and intelligent. Thus even though the defendant's plea could be characterized as involuntary because the notice and consequences elements were not satisfied, the court nonetheless appears to have treated the issue as an illegal sentencing issue. This is evidenced by the court's characterization of the issue as "a purely legal sentencing issue" and by the fact that the court ordered that the defendant be resentenced within the terms of his plea, not that he only be permitted to withdraw his plea. 614 So.2d at 490. Thus it is apparent that the voluntariness of the plea and the illegality of the sentence are closely intertwined.[2]
The supreme court's treatment of this issue in Snead v. State, 616 So.2d 964 (Fla. 1993), also suggests that the appropriate solution is to treat an Ashley violation as an illegal sentence rather than an involuntary plea which would require vacation of the plea. In Snead, the court determined that the defendant could not be habitualized upon *1045 revocation of his probation where the elements of Ashley had not been satisfied before he entered his plea. Instead, the trial court was limited to resentencing the defendant to the one cell increase permitted under the guidelines when probation is revoked. Although it is not clear in Snead whether the defendant's plea was open or whether the defendant was promised a guidelines sentence, one of the reasons cited by the court was that its result "provid[es] defendants who enter a plea agreement with the requisite notice of the most severe punishment that can be imposed." 616 So.2d at 966. Such reasoning seems applicable whether the plea promises guidelines or whether the plea is open but sets out the maximum sentence possible.
Other decisions from this court support our conclusion. Unfortunately, the foundation for such statement lies within the court's records of the individual cases, not just in the issued opinions. For example, in Harrelle v. State, 632 So.2d 280 (Fla. 4th DCA 1994), both prongs of Ashley were violated. Our records show that the defendant entered an unconditional plea straight to the court, the written plea indicated a maximum sentence of fifteen years, and a habitualized offender sentence of thirty years was imposed. We reversed the habitual offender sentence and instructed that on remand the defendant be sentenced in accordance with his plea.
Second, in Arnold v. State, 631 So.2d 368 (Fla. 4th DCA 1994), our records reflect that the defendant had actual knowledge of intent to seek enhanced penalties, and his awareness of the consequences thereof was confirmed, but no written notice of intent was furnished. The defendant entered an open plea. Citing to Ashley, this court held that the defendant must be resentenced without habitual offender status.
Finally, in Washington v. State, 631 So.2d 367 (Fla. 4th DCA 1994), our records show that the written plea stated that if the defendant was to be habitualized, the maximum sentences could be doubled. The defendant was not promised that he would receive a particular sentence or a guidelines sentence. In a very short opinion, this court noted that in addition to requiring notice of intent to habitualize, Ashley mandates that the defendant also be made personally aware of the possibility and consequences of habitualization. Citing to Ashley, we "reverse[d] those portions of [the defendant's] sentencing orders adjudicating him to be an habitual offender." 631 So.2d at 367.
These cases indicate that even where there has been an open plea, rather than a plea for a negotiated or guidelines sentence, this court has vacated the habitualized sentences, but has not presented the option of withdrawing the plea. This is consistent with interpreting Ashley to treat this issue as an illegal sentencing issue requiring resentencing within the terms of the plea regardless of whether the plea was open or negotiated, rather than treating it as an involuntary plea issue if the plea was open.[3]
*1046 Because we have invalidated appellant's habitualization, appellant must be resentenced to a maximum of fifteen years as set out in his plea.[4]
Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv), we hereby certify that our decision expressly and directly conflicts with that of the Second District Court of Appeal in Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 622 (Fla. 1994).
GLICKSTEIN, WARNER and POLEN, JJ., concur.
NOTES
[1] The consequences of which the defendant must be made aware include eligibility for habitualization, the maximum habitualized penalty, the possible effect of habitualization on early release, and mandatory minimum penalties. Id. at 490 n. 8.
[2] In Ashley, a footnote attached to the court's remand instruction states that "Ashley does not seek to withdraw his plea, but rather asks for imposition of a guidelines sentence." Id. at 491 n. 10. This note suggests that the court may have placed some significance on the defendant's request on appeal. As in Ashley, appellant also does not seek to withdraw his plea.
[3] Whether the issue is viewed as an illegal sentencing issue or an involuntary plea issue, appellant is not precluded from challenging his sentence in this appeal even though he did not seek to withdraw his plea below. If this issue is viewed as an illegal sentencing issue, then it falls within the class of issues which warrant a direct appeal from his plea. Robinson v. State, 373 So.2d 898, 902 (Fla. 1979). Furthermore, unlike one who pleads guilty, one who pleads nolo contendere has a right to a direct appeal where he expressly reserved the right to appeal an issue. Id. at 901-03. Appellant pled nolo contendere and expressly reserved his right to appeal any sentence outside the recommended guidelines range. Cf. Heatley v. State, 636 So.2d 153 (Fla. 1st DCA), rev. denied, 645 So.2d 452 (Fla. 1994) (Table, No. 83,723) (because appeal from guilty plea is not substitute for motion to withdraw plea, court declined to decide merits of Ashley issue on direct appeal from guilty plea).

Furthermore, we disagree with the Heatley court's discussion of Ashley. In Heatley, the notice prong of Ashley was met but the consequences prong was not. The court concluded "Ashley turned primarily on the prosecution's failure to give notice of intent to habitualize before the plea. It therefore remains for the supreme court to clarify the application of that case in other factual contexts [i.e., where notice is given, but the consequences are not adequately explained]." 636 So.2d at 154. Although in Ashley the defendant neither received notice of intent to habitualize, nor was he informed of the consequences of habitualization, Ashley clearly requires that both of these elements be satisfied prior to accepting the plea. See also, e.g., Washington v. State, 631 So.2d 367 (Fla. 4th DCA 1994); Fountain v. State, 626 So.2d 1119 (Fla. 4th DCA 1993). We believe that Ashley turned on both notice of intent to habitualize and the consequences thereof. We disagree that Ashley turned primarily on the failure to give notice of intent to habitualize. The court's extensive discussion about the requirement that the defendant understand the reasonable consequences of the plea focused on the need to understand the maximum penalty that may be imposed. In fact, this discussion encompasses at least half of the court's opinion.
[4] Furthermore, absent proper habitualization, the trial court was prohibited from sentencing appellant beyond fifteen years because the statutory maximum penalty for a second degree felony, with which appellant was convicted, is fifteen years. § 775.082, Fla. Stat. (1993); Fla. R.Crim.P. 3.701(d)(10).