*539
ON MOTION FOR REHEARING AND/OR CLARIFICATION

PER CURIAM.
We deny appellant’s motion for rehearing, but grant his motion for clarification to clarify the sentence which may be imposed on him upon remand. We therefore withdraw our original opinion and substitute the following opinion.
Appellant, Larry Washington, asserts that the trial court erred in sentencing him as a habitual felony offender where the trial court accepted his open plea of guilty without first confirming that he was personally aware of the ramifications of habitualization. Because the trial court did not confirm that appellant was aware of the maximum habitualized penalty he could receive as a habitual offender, we are compelled to reverse appellant’s sentence pursuant to Ashley v. State, 614 So.2d 486, 490 (Fla.1993). Although only the second prong of Ashley was violated and although this case involves an open plea, our recent decision in Wilson v. State, 645 So.2d 1042 (Fla. 4th DCA 1994), is directly on point and compels reversal and remand for resen-tencing to a maximum sentence not exceeding fifteen years.
While the written plea agreement did not promise a guidelines sentence, it did indicate a maximum sentence of fifteen years. The trial court classified appellant as a habitual felony offender and sentenced him to twelve years imprisonment, to be followed by five years probation, for a sentence totalling seventeen years.
Without habitualization, the statutory maximum sentence for burglary in the second degree is fifteen years. § 775.082(3)(c), Fla. Stat. (1993). Therefore, on remand, we direct the trial court to resentence appellant to a sentence not exceeding the fifteen year statutory maximum, with the term of incarceration not exceeding twelve years, which was the original term of incarceration imposed. See Morganti v. State, 573 So.2d 820 (Fla.1991); Regueiro v. State, 619 So.2d 463 (Fla. 4th DCA 1993). Because we reject the state’s alternative suggestion of allowing, on remand, appellant to withdraw his plea, as we did in Wilson, we certify conflict with Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), review denied, 634 So.2d 622 (Fla.1994).
Defendant also contends, and the state concedes, that the trial court erred by including special conditions of probation prohibiting defendant from using intoxicants and possessing, carrying or owning a weapon without the consent of his probation officer. We therefore strike these special conditions of probation not orally pronounced. See Shacraha v. State, 635 So.2d 1051 (Fla. 4th DCA 1994).
REVERSED AND REMANDED.
WARNER, PARIENTE and STEVENSON, JJ., concur.