STEVENSON, Judge.
Appellant challenges habitual felony offender sentences imposed for six different felonies under three separate case numbers. We vacate the enhanced sentences and remand for resentencing within the guidelines.
Appellant pled no contest in case number 93-2914-CF to charges of sale and possession of cocaine. In addition, he admitted to violating probation in two earlier cases: case number 88-2492 CF, where he had previously pled no contest to three counts of sale and delivery of cocaine and case number 89-2492 *15 CF, where he had previously pled no contest to sale of a controlled substance. The trial court declared appellant a habitual felony offender and imposed enhanced penalties on each charge resulting in a combined sentence of 45 consecutive years in prison.
In Ashley v. State, 614 So.2d 486 (Fla.1993), the supreme court held that before a defendant may be habitualized following a guilty or nolo contendere plea, the defendant must be given written notice of intent to habitualize and the trial court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization. Id. at 490. A trial court’s failure to comply with the dual requirements of Ashley renders the habitual offender sentence illegal and requires resentencing within the guidelines. Wilson v. State, 645 So.2d 1042 (Fla. 4th DCA 1994).
In the instant case, neither prong of Ashley was fully met. First, although the state’s form plea agreement contemplated sentencing appellant as a habitual offender, the state never gave appellant prior written notice of its intent to habitualize. Second, the trial court accepted appellant’s nolo contendere pleas without fully ascertaining that appellant was aware of the reasonable consequences of habitualization. The record reveals that appellant was never made aware of how habitualization would affect his consideration for gain time and early release and he was not told that he could receive a maximum sentence of 45 years. Because the dual requirements of Ashley were not met, we agree with appellant that the trial court erred in sentencing him as a habitual felony offender.
Although the above analysis is dispos-itive of the instant appeal, we address two other issues raised by appellant. Appellant argues, and the state concedes, that the trial court erred in sentencing him as a habitual offender in case number 88-2492 CF because a notice of habitualization was never filed in the original prosecution of that case. We agree. A trial court cannot habitualize a defendant on a case if it did not, at the time of the original sentencing, have the option of imposing a habitual offender sentence. Snead v. State, 616 So.2d 964 (Fla.1993).
The state also concedes that the trial court erred in sentencing appellant as a habitual offender in count two of case number 93-2914r-CF (possession of cocaine) because section 775.084(l)(a)(3), Florida Statutes (1993), provides that a defendant may be sentenced as a habitual offender so long as “[t]he felony for which the defendant is to be sentenced, and one of two prior convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.” Since count two charged appellant with a violation of section 893.13, Florida Statutes (1993) relating to the possession of a controlled substance, a habitual offender sentence should not have been imposed.
We have examined the other issues appellant raises on appeal and find that the issues either lack merit or were not properly preserved below. Nevertheless, because the requirements of Ashley were not fully met, we vacate appellant’s sentence and remand with direction that appellant be resentenced within the guidelines in accordance with Ashley and Wilson.[1]
FARMER, J., concurs.
STONE, J., concurs specially with opinion.

. As in Wilson, we certify conflict with Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 622 (Fla.1994).