STONE, Judge,
concurring specially.
I concur in our resentencing instruction to the trial court on remand only because this resentencing restriction is required by this court, as set forth in our opinion in Wilson. However, I do not agree with the limitations on resentencing imposed by Wilson.
In my judgment, the supreme court, in Ashley, did not adopt a rule mandating the Wilson limitation on resentencing in every instance where a habitual offender sentence is reversed because of a trial court’s failure to insure that a defendant is fully informed at the time of a plea, notwithstanding that the plea permitted a habitual offender sen *16 tence. Rather, I can discern no reason, other than under the Ashley circumstances, not to instruct that on remand the plea can be withdrawn if a non-habitual offender sentence is not acceptable to the court and the state elects to again notice the defendant of its intention to seek habitual offender sentencing. The case could then proceed to trial or a new plea could be entered and accepted. See Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 622 (Fla.1994); Gonzalez v. State, 639 So.2d 134 (Fla. 2d DCA 1994).
In all other respects, I fully concur in the majority opinion.