WARNER, Judge.
The appellant timely appeals the sentence imposed after she pleaded guilty to a violation of community control in case number 95-0517 (lower court case number 93-22059CF10). She claims that the sentence in *368 the ease giving rise to the community control was illegal because it was outside the guidelines. We hold that her original sentence, based upon a plea agreement, was not illegal because an unauthorized departure from the guidelines does not constitute an illegal sentence. Davis v. State, 661 So.2d 1193, 1196 (Fla.1995). We do not reach whether her original sentence was erroneous as she did not challenge it when it was imposed. See Brown v. State, 659 So.2d 1260, 1261 (Fla. 4th DCA 1995) (sentence imposed in violation of statutory requirements which are to the benefit of the defendant may not be challenged after the defendant has accepted the benefits flowing from the plea but has failed to carry out the conditions imposed).
We hold, however, that it was error to include as a condition of the orders of probation and community control in case number 95-0517 that the appellant would be sentenced as an habitual offender upon a violation, if she otherwise qualified as an habitual offender. The court does not have the option to habitualize upon a violation of probation or community control unless it could have habitualized at the time of the original sentence. Snead v. State, 616 So.2d 964, 965-66 (Fla.1993). In this case there was no notice of intent to habitualize at the time of the original sentencing or in the original plea agreement. Therefore, according to Snead, the option of habitualization on violation of probation or community control is foreclosed. On remand, this condition of the sentence should be stricken.
The appellant also pleaded guilty to burglary of a dwelling and grand theft in case number 95-0515 (lower court case number 94-17545CF10) and to strong arm robbery in case number 95-0516 (lower court case number 94-20108CF10). She objects to a provision of her plea agreement in which she agreed that she would be subject to sentencing as an habitual offender upon violation of her probation or community control if she otherwise qualified as an habitual offender. Relying on Ashley v. State, 614 So.2d 486 (Fla.1993), she argues that because no notice of intent to habitualize had been filed, this provision of her sentence is erroneous. However, in State v. Blackwell, 661 So.2d 282, 284 (Fla.1995), the supreme court held that the Ashley requirement of written notice of intent to habitualize is satisfied when the defendant receives written notice of the possibility of habitualization before the plea is accepted. While the appellant has yet to be sentenced as an habitual offender, the plea agreement and the court’s pronouncement of this condition at sentencing provided the appellant with sufficient notice to satisfy Ashley. Of course, the appellant would have to have qualified as an habitual offender at the time of the original sentence to impose an enhanced sentence upon her on violation of community control or probation. See Snead, 616 So.2d at 965-66.
The sentences in case numbers 95-0515 and 95-0516 are affirmed. The sentence in case number 95-0517 is affirmed in all respects, with the exception that the condition of the orders of probation and community control that the appellant be sentenced as an habitual offender upon a violation if she otherwise qualified as an habitual offender must be stricken on remand.
Affirmed in part; reversed in part and remanded with directions.
PARIENTE and SHAHOOD, JJ., concur.