PER CURIAM.
Taylor appeals from the order by which the trial court summarily denied his Florida Rule of Criminal Procedure 3.850 motion, wherein he challenged his habitual felony offender' sentence. Because Taylor stated a colorable claim for relief under Snead v. State, 616 So.2d 964 (Fla.1993), we reverse the order.
Taylor asserted in his motion that his habitual felony offender sentence was imposed upon revocation of the probation imposed for the underlying offense. He claimed that the habitual felony offender sentence was improper because it was not an available option when he was originally sentenced. He claimed that it was not then an available sentencing option because the notice of intent to seek habitual felony offender sentencing was withdrawn prior to the original sentencing as part of a plea agreement. These allegations present a colorable claim under Snead, which holds that a habitual felony offender sentence may not be imposed upon revocation of probation unless the notice requirements of the habitual felony offender statute were satisfied prior to the original sentencing. Because the order included no attachments which conclusively refuted this colorable claim, we reverse the order under *598 review and remand this ease for further proceedings on the claim.
ALLEN, WEBSTER and MICKLE, JJ., concur.