BLUE, Judge.
Edward Norris appeals his habitual offender sentence which the trial court imposed after he entered a plea of no contest to burglary. We reverse and remand with directions to the trial court to permit Norris to withdraw his plea.
Prior to the acceptance of Norris’s plea, the trial court failed to confirm that Norris was personally aware of the consequences of receiving a habitual offender sentence. Such consequences include the maximum habitual offender term and the fact that habitualization may affect the possibility of early release. See State v. Wilson, 658 So.2d 521 (Fla.1995); Ashley v. State, 614 So.2d 486 (Fla.1993). Therefore, there was no showing that Norris knowingly and intelligently entered the plea.
Accordingly, we vacate Norris’s sentence and remand this case to the trial court to allow Norris the opportunity to withdraw his plea. See Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993).
DANAHY, A.C.J., and FULMER, J., concur.