PETERSON, Judge.
Pliny Henry Sohl appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We vacate the denial and remand for further proceedings.
In 1993, Sohl was sentenced pursuant to a plea bargain to two years probation for crimes committed in 1992. The record does not indicate that any notice was given, or discussion held, prior to sentencing regarding the possibility that he could receive a sentence as an habitual felony offender.
When Sohl violated probation in 1995 by committing new offenses, the court revoked probation and imposed an habitual felony offender sentence of ten years in the Department of Corrections. Although Sohl agreed that he qualified as an habitual offender and at the hearing both he and his attorney consented to waive sentencing under the guidelines, he now claims that he should not have received a sentence as an habitual'offender. The guidelines range for the 1992 crimes after the 1995 violation of probation *677 was two and one-half to five and one-half years.
In Snead v. State, 616 So.2d 964 (Fla.1993), the Florida Supreme Court held that when a notice of intent to habitualize is not filed prior to a plea hearing, the trial court cannot impose an habitual felony offender sentence, but must impose a guideline sentence. Likewise, when a defendant is placed on probation without receiving such a notice prior to his plea, and he subsequently violates that probation, the trial court cannot then sentence him as an habitual felony offender for the first time. King v. State, 681 So.2d 1136 (Fla.1996) (when the court determines defendant is an habitual offender but declines to impose an habitual offender sentence, the court cannot later sentence defendant as an habitual offender after a violation of probation, unless defendant agreed to such sentencing as part of the original plea bargain); Bey v. State, 695 So.2d 1268 (Fla. 4th DCA 1997) (once the court declines to sentence defendant as an habitual offender, the court is bound to sentence defendant under the guidelines after a revocation of probation and cannot habitualize defendant); Tuck v. State, 632 So.2d 663 (Fla. 5th DCA 1994) (error to sentence defendant as an habitual offender after a violation of probation, when the state had not taken necessary steps for habitualization prior to the original plea and sentencing); Armstrong v. State, 622 So.2d 576, 577 (Fla. 5th DCA 1993), (court cannot sentence defendant as habitual offender upon revocation of probation, where state had not sought habitualization at original sentencing).
The trial court in this case did not find that Sohl had received a notice of intent to habitualize prior to his original 1993 plea or that Sohl had agreed to habitualization as a condition of his original 1993 plea. Similarly, there are no documents attached to the trial court’s order which refute Sohl’s claim that he did not receive a notice of intent from the state or court and was not advised that his sentence could be habitualized, and the consequences thereof, prior to his plea and sentencing in 1993. Habitualization, in this case, netted Sohl a sentence of ten years, well in excess of the guideline sentence for the 1992 offenses. Accordingly, Sohl has stated a prima facie claim for post-conviction relief.
The state, however, argues that Sohl’s motion was properly denied because he is attacking the procedure used to sentence him, as opposed to his actual qualification for habitualization. In support, the state cites Massey v. State, 609 So.2d 598 (Fla.1992), in which the supreme court held that the failure to satisfy the written notice requirements of the habitual felony offender statute is subject to a harmless error analysis. In Massey, the court found that the defendant had actual knowledge of the state’s intention to seek habitualization prior to entering a plea and the absence of written notice was harmless error. See also Lazarus v. State, 412 So.2d 54 (Fla. 5th DCA 1982)(procedural errors in habitual offender sentencing must be raised on appeal and are barred from consideration in Rule 3.850 proceeding). In the present case, Sohl alleges, and the state does not dispute, there was neither written notice by the state nor actual knowledge by Sohl of the state’s intention to seek habituali-zation prior to entry of the original 1993 plea. Furthermore, regardless of whether Sohl had notice or not, the trial court originally did not sentence defendant as an habitual felony offender and therefore was bound to sentence defendant under the guidelines when his probation was revoked.
The state also argues that defendant waived his right to object to the habitual felony offender sentence by knowingly admitting his violation of probation and agreeing that he qualified to be habitualized. A defendant, however, cannot agree to an illegal sentence, and Sohl’s ten year sentence for a third degree felony is illegal because it exceeds the statutory maximum. See Williams v. State, 500 So.2d 501 (Fla.1986) (a defendant cannot by agreement confer on court the authority to impose an illegal sentence). Moreover, such a waiver, to be valid, had to occur at the time of the initial sentencing, not during the plea negotiations in the later probation revocation proceeding. King v. State, 681 So.2d 1136 (Fla.1996).
We therefore conclude that Sohl stated a prima facie ease for post-conviction relief un *678 der Snead. Unless the state can establish upon remand that defendant agreed in 1993 to be sentenced as an habitual felony offender if he violated his probation, Sohl must be resentenced to a guideline term.
REVERSED; REMANDED.
W. SHARP, J., concurs.
GOSHORN, J., dissents without opinion.