774 So.2d 925 (2001)
Winyatta BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-989.
District Court of Appeal of Florida, Fifth District.
January 5, 2001.
*926 Winyatta Butler, Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Winyatta Butler, appeals the summary denial of his Rule 3.850 motion. He pled guilty to possession of cocaine, possession of cannabis, driving with a suspended license, resisting arrest without violence and driving under the influence. He was sentenced to a total of 75.6 months incarceration on or about March 16, 1999. This court affirmed the convictions and sentences on appeal. See Butler v. State, 745 So.2d 558 (Fla. 5th DCA 1999). We affirm.
In his Rule 3.850 motion, Butler alleges that the sentence of 75.6 months for possession of cocaine, a third degree felony, exceeds the statutory maximum of five years. Butler also claims that the sentence imposed by the trial court violated the plea agreement and that he was not given an opportunity to withdraw his plea.
The trial court denied Butler's motion without a hearing. The trial court ruled that although the sentence imposed for possession of cocaine exceeded the statutory maximum, it was the lowest possible guideline sentence and therefore the sentence was legal. In addition, the court pointed out that the plea agreement indicated Butler was pleading to the court, as acknowledged by Butler during the plea colloquy. Therefore, the court concluded that the plea agreement was not violated. A copy of the plea agreement, plea transcript and judgment and sentences were attached to the trial court's order.
The attachments confirm that Butler was advised during the plea colloquy that his sentence for the third degree felony could exceed the statutory maximum, because the guideline range was 6 to 12 years. Butler also acknowledged reading the plea agreement and stated that no promises had been made. Therefore, the plea agreement refutes Butler's claim that the plea agreement was violated. However, a defendant cannot agree to an illegal sentence. See Sohl v. State, 710 So.2d 676 (Fla. 5th DCA 1998)(defendant cannot agree to an illegal sentence).
The remaining question, therefore, is whether the trial court was authorized to exceed the statutory maximum and impose the lowest guidelines sentence for offenses in question. The plea colloquy includes a statement that the offenses in question occurred on October 17, 1998. Effective October 1, 1998, the Legislature *927 passed the Criminal Punishment Code, section 921.002. Section 921.002(1)(g) states that "[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control." That provision does not authorize the court to impose a sentence in excess of the statutory maximum.
Despite that provision in the Criminal Punishment Code, in Maddox v. State, 760 So.2d 89, 101, n. 9 (Fla.2000), the Florida Supreme Court pointed out that "for those who committed their crimes after October 1, 1998, section 921.0024(2), Florida Statutes (1999), provides that `if the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.'" Section 921.0024 is the Criminal Punishment Code worksheet and explains how score sheets should be completed. The provision in section 921.024 would seem to be at odds with section 921.002 and the ordinary rules of statutory construction, which require penal statutes to be strictly construed in favor of the accused. See Cabal v. State, 678 So.2d 315 (Fla.1996).
Based on Maddox, we affirm the denial of Butler's Rule 3.850 motion. However, in light of the conflicting provisions of the Criminal Punishment Code, we certify this question:
MAY A TRIAL COURT SENTENCE A DEFENDANT TO A TERM IN EXCESS OF THE STATUTORY MAXIMUM FOR AN OFFENSE COMMITTED AFTER OCTOBER 1, 1998, WHERE THE LOWEST PERMISSIBLE SENTENCE UNDER THE CODE EXCEEDS THE STATUTORY MAXIMUM?
AFFIRMED.
SAWAYA and PALMER, JJ., concur.