446 So.2d 712 (1984)
Thomas E. HINTON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1199.
District Court of Appeal of Florida, Second District.
February 3, 1984.
Rehearing Denied March 14, 1984.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant complains that the court erred in vacating his earlier sentences and in resentencing him to longer terms.
Appellant pled guilty to two counts of armed robbery pursuant to a plea bargain under which he would be sentenced to ten years in prison. The court's acceptance of the bargain was premised on defense counsel's statement that he believed appellant's codefendant had been offered a plea bargain for ten years. At that time the court and the assistant state attorney seemed to agree that this was a correct representation. Appellant was adjudicated guilty and sentenced to two concurrent terms of ten years imprisonment.
Subsequently, the state filed a motion to vacate appellant's plea and sentence alleging that defense counsel's representation as to the length of time offered to the codefendant was untrue. The state contended that the plea bargain was invalid because it was accepted under false pretenses. Over appellant's objection, the court granted the state's motion. The court found as a matter of fact that acceptance of the plea bargain had been the result of false representations made inadvertently by defense counsel. The court offered the appellant a choice either of going *713 to trial or entering a new plea based on correct representations.
Appellant subsequently entered pleas of nolo contendere to the armed robbery charges, reserving the right to appeal the court's ruling on the motion to vacate. Appellant was sentenced to two concurrent terms of life imprisonment.
The fifth amendment to the United States Constitution and article I, section 9, of the Florida Constitution both provide that no person shall be put in jeopardy more than once for the same criminal offense. This court has previously held that resentencing on the same charge is a violation of double jeopardy. Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976); see also United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973). Once a defendant begins to serve his sentence, the court has no authority to resentence him to a longer term of imprisonment. Beckom v. State, 227 So.2d 232 (Fla. 2d DCA 1969).[1]
In appellant's case, the original ten-year sentences were legal sentences which could not thereafter be increased. Accordingly, the two life sentences are hereby vacated, and the case is remanded for reinstatement of the original sentences.
BOARDMAN, A.C.J., and LEHAN, J., concur.
NOTES
[1] It should be noted that Florida Rule of Criminal Procedure 3.800 allows a court at any time to correct an illegal sentence or within certain prescribed times to reduce a legal sentence. The rule does not authorize the increase of a legal sentence. Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980).