513 So.2d 244 (1987)
Thomas Edward DANIELS and Henry William Pottebaum, Appellants,
v.
STATE of Florida, Appellee.
No. 86-2237.
District Court of Appeal of Florida, Second District.
September 30, 1987.
*245 Jerry Berry of McDonnell & Berry, Naples, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The appellants challenge their sentences on the grounds that their constitutional rights against double jeopardy have been violated. We agree, and reverse.
The appellants entered pleas to the offenses charged against them and a sentencing hearing was held on May 1, 1986. The trial judge at that time orally sentenced each of the appellants to ten years probation without incarceration. The appellants began serving their probationary terms.
On June 3, 1986, the trial judge on his own motion withdrew the appellants' pleas and set the matter for trial. The appellants filed motions to dismiss based on double jeopardy grounds. These motions were denied. The appellants entered no-contest pleas and specifically reserved their rights to appeal the trial judge's denial of the motions to dismiss. The trial judge then sentenced each of the appellants to one year community control followed by nine years probation. This appeal followed.
The state concedes that the trial judge erred in withdrawing the appellants' pleas and then imposing harsher sentences. As this court observed in Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984), once a defendant begins to serve his sentence, the trial court has no authority to resentence him to a longer term of imprisonment. The trial judge's unilateral act of increasing the previously imposed lawful sentences on the appellants clearly violated their constitutional rights against double jeopardy. Hinton.
The brief filed on behalf of the state shows that the state has conceded the issue only after a thorough analysis of the circumstances and the law. We appreciate that effort and feel confident in relying on the state's position, as well as on the argument made on behalf of the appellants.
The appellants' sentences are reversed with instructions that the trial judge resentence each of them to 10 years probation without incarceration, reflecting the sentences originally imposed.
CAMPBELL and HALL, JJ., concur.