553 So.2d 729 (1989)
James H. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02106.
District Court of Appeal of Florida, Second District.
December 13, 1989.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
The appellant challenges his sentence on the grounds that his constitutional rights against double jeopardy have been violated. We agree and reverse.
The appellant was charged with three offenses. After a jury trial, the jury returned verdicts finding the appellant guilty on all three counts. The appellant was adjudicated guilty and sentenced to nine years imprisonment. That sentence was reflected in a written judgment of guilt and sentence dated June 14, 1988. Seven days later, on June 21, 1988, the appellant was brought back before the trial court and resentenced to twelve years. Both sentences were within the guidelines recommended range of nine to twelve years. On November 8, 1988, the trial court entered an order setting aside the first sentence imposed.
The state concedes that the appellant had begun serving his original sentence before the resentencing occurred. As this court observed in Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984), once a defendant begins to serve his sentence, the trial court has no authority to resentence him to a longer term of imprisonment. The trial court's unilateral act of increasing the previously imposed lawful sentence on the appellant clearly violated his constitutional rights against double jeopardy. Hinton; Daniels v. State, 513 So.2d 244 (Fla. 2d DCA 1987).
We reverse the appellant's sentence of twelve years with instructions that the trial court resentence the appellant to the original sentence of nine years incarceration.
Reversed and remanded.
HALL and PARKER, JJ., concur.