587 So.2d 580 (1991)
Roosevelt DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1271.
District Court of Appeal of Florida, First District.
October 8, 1991.
*581 Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Roosevelt Davis, appeals his conviction and sentence for possession of a firearm by a convicted felon, and his sentence as a habitual offender. Although we affirm the conviction without comment, we reverse the sentence and remand for resentencing.
On February 2, 1990, the trial court sentenced appellant to twenty-two years in prison, which the judge believed was the upper limit of the permitted guidelines range. The state urged the court to find that Davis was a habitual felony offender and to impose an enhanced sentence, but the court declined. On February 27, 1990, on its own motion, the court reconvened the parties and stated that appellant's sentence was illegal, because the maximum sentence for his second-degree felony was fifteen years. The court then declared Davis to be a habitual offender and sentenced him to twenty-two years as a habitual offender.
This was error. The trial court's initial decision not to find Davis a habitual offender, after considering the evidence and hearing argument on that issue, constituted an acquittal of a habitual offender sentence. See Brown v. State, 521 So.2d 110, 112 (Fla.), cert. denied, 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988); Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991). In Brown, the supreme court concluded that when a trial court has commenced a capital sentencing proceeding and determines therein that the death penalty is inapplicable to the defendant, that operates as an acquittal of the death sentence for double jeopardy purposes, even if the decision was erroneous. In Donald, we concluded that a trial judge who had expressed the view at the original sentencing hearing that a life sentence under the habitual offender statute was inappropriate could not thereafter impose a habitual offender sentence on the court's motion, even after realizing that the original sentence was illegal.
REVERSED and REMANDED for resentencing.
ZEHMER and BARFIELD, JJ., concur.