616 So.2d 996 (1992)
Ural GRIMES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-3329.
District Court of Appeal of Florida, First District.
December 31, 1992.
As Corrected on Grant of Clarification February 5, 1993.
*997 Spiro T. Kypreos, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
KAHN, Judge.
Ural Grimes, Jr. was charged by information with eight counts of robbery with a deadly weapon, one count of dealing in stolen property, and one count of grand theft auto. After Mr. Grimes entered a plea of nolo contendere to the charges, the lower court sentenced him to concurrent life sentences (non-habitual offender) for the counts of robbery with a deadly weapon, a concurrent thirty year sentence as an habitual offender for dealing in stolen property, and a concurrent ten year sentence as an habitual offender for grand theft auto. On appeal, Grimes maintains that the lower court erred in failing to make findings of fact pursuant to section 775.084(1)(a), Florida Statutes (1989), before sentencing him as an habitual offender and the written sentence does not conform to the oral pronouncement of sentence. We reverse.
At the sentencing hearing, the lower court made no findings as to whether the convictions necessary for habitual offender sentencing were pardoned or set aside as required by section 775.084(1)(a), Florida Statutes (1989), before sentencing Grimes as an habitual offender for dealing in stolen property and grand theft auto. Despite the fact that Grimes did not raise these matters affirmatively, the failure to make these statutory findings is per se reversible error. Jones v. State, 606 So.2d 709 (Fla. 1st DCA Oct. 14, 1992); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), review pending, No. 79,535. Accordingly, we reverse the sentences for dealing in stolen property and grand theft auto and remand for resentencing in compliance with section 775.084, Florida Statutes (1989). We certify to the supreme court the same question certified in Jones.
We note that robbery with a deadly weapon is a first degree felony punishable by life. § 812.13(2)(a), Fla. Stat. (1989). At the sentencing hearing which took place on October 8, 1991, the trial court indicated that he was not sure if the question had yet been resolved concerning whether habitual offender punishment was available in the case of a first degree felony punishable by life. The trial court then stated: "And in any event, I don't think I have to get into that on those counts [the first degree felonies punishable by life]. As to the other counts, the grand theft and the dealing in stolen property, I am going to find that Mr. Grimes is a habitual felony offender." As to these other counts, the trial court classified Grimes as an habitual felony offender and sentenced him accordingly. These sentences, of course, must be revisited as indicated above.
As to the first degree felonies punishable by life, the trial court, having made the statement set out previously, sentenced Grimes to eight life terms to be served concurrently. The written judgment prepared by the clerk, however, indicates: "The defendant is adjudged a habitual offender and has been sentenced to an extended term and sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court." The state concedes that the written sentence did not conform to the oral pronouncement, and accordingly, *998 Grimes must be resentenced on these eight counts.
The state has suggested, however, that pursuant to Burdick v. State, 594 So.2d 267 (Fla. 1992), the trial court should now be allowed to treat Grimes as an habitual offender as to these eight counts. The state has suggested in its brief, without citation of authority, that the habitual offender sentence on these counts "would not be an increase in sentence as the sentence would be less than the guidelines life sentence imposed." We reject this argument, and find that, as to the first degree felonies punishable by life, the only thing to be taken care of on remand is to correct the written judgments to conform with the oral pronouncement, which was, as the state has acknowledged, a guidelines life sentence.
We reach this result because the trial court could have treated Grimes as an habitual offender at the time of the original sentencing. Because of the undecided state of the law at that time, the judge decided not to do so, and instead gave eight concurrent guidelines life sentences. In Davis v. State, 587 So.2d 580 (Fla. 1st DCA 1991), this court reversed an habitual offender sentence which the trial court had imposed on its own motion after initially imposing what the judge believed was a permitted guidelines sentence. On appeal, this court held that the trial court's initial decision not to find Davis an habitual offender after considering the evidence and hearing argument on that issue constituted an acquittal of the habitual offender "sentence." 587 So.2d at 581. The Davis court relied upon Brown v. State, 521 So.2d 110 (Fla.), cert. denied, 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988), in which the Supreme Court held that when a trial court has commenced a capital sentencing proceeding and determines that the death penalty is inappropriate for the defendant, such operates as an acquittal of the death sentence for double jeopardy purposes, even if the decision was erroneous. The Davis court also relied upon this court's earlier decision in Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991), disapproved on other grounds, 594 So.2d 291 (Fla. 1992). In Donald the court concluded that a trial judge who expresses the view at an original sentencing hearing that a life sentence under the habitual offender statute would be inappropriate could not thereafter impose an habitual offender sentence on the court's own motion, even after realizing that the original sentence was illegal.
Following the rationale of Davis, Brown and Donald, we find that the trial court elected not to categorize Grimes as an habitual offender, and that such election constituted a determination that may not now be revisited without treading upon appellant's constitutional right to be free of facing double jeopardy. Further, under these cases, it is immaterial whether the trial court erroneously concluded that he could not sentence Grimes as an habitual offender.
We note that in King v. State, 597 So.2d 309 (Fla. 2d DCA 1992) (en banc), our sister court held that a sentencing judge has no discretion when it comes to a determination of habitual offender status. Were we to adopt this view, we would be faced with the concern that failure to classify Grimes as an habitual offender would be illegal. According to the Second District, once the proper evidence is presented in an habitual offender proceeding, the determination of habitual offender status is "a ministerial determination." 597 So.2d at 313. In reaching this conclusion, the Second District disagreed with our decision in Donald, supra, in which we indicated that a trial judge has "some discretion in determining whether a defendant is an habitual felony offender or habitual violent felony offender." 597 So.2d at 314. Since we have decided to adhere to the view of the Donald court, as re-enforced by Davis, we respectfully disagree with King.
We are aware of the Second District's accounting of the legislative history of subsections (3) and (4) of section 775.084. 597 So.2d at 313-314. The language deleted from sections 775.084(3) and (4)(a) by Chapter 88-131, section 6, Laws of Florida, did away with the express requirement that the court, in an habitual offender proceeding, determine "if it is necessary for the protection of the public to sentence the defendant to an extended term." We cannot *999 conclude that the removal of the quoted phrase abolished the trial court's discretion in making an habitual offender determination. The deleted language goes not only to determination of habitual offender status, but appears to address the appropriateness of an habitual offender sentence.
We differ from the conclusion of King that "the legislative scheme in regard to habitual felony offenders as now set forth in section 775.084 clearly contemplates that once a trial judge becomes aware of the fact that a defendant qualifies for habitual offender status, after proper notice to the defendant, the trial judge shall simply decide by a preponderance of the evidence whether the defendant has the requisite prior convictions to support habitualization." 597 So.2d at 313-314. We are unable to reach this result in part because we have no reason to believe that every defendant who is a potential habitual offender is in fact proceeded against by the prosecuting authorities as an habitual offender. Thus, the view of the Second District which hinges upon whether the trial judge "becomes aware" of whether the defendant qualifies for habitual offender treatment places a critical sentencing decision solely in the hands of the prosecution, without regard to the judge's right to "pardon" or "acquit" the defendant of habitual offender status. Davis, supra.
Our construction of the statute is consistent with Burdick v. State, 594 So.2d 267 (Fla. 1992), in which the supreme court found that habitual offender sentencing under section 775.084(4)(a)1 is permissive, and not mandatory, despite the legislature's use of the word "shall" in describing the appropriate sentence for a first degree felony, in cases involving an habitual offender. The Burdick court noted that the habitual offender statute contradicts the principles of sentencing guidelines in that it restores the discretion to trial courts that the sentencing guidelines were intended to reduce. 594 So.2d at 270, n. 8. The discretion afforded under the habitual offender statute implies some degree of subjectivity on the part of the trial court administering the statute. Accordingly, we do not read section 775.084(4)(c)[1] as requiring an habitual offender determination in all cases in which the criteria of section 775.084(3) are met.
Trial courts have long been given wide latitude in sentencing matters. Pittman v. State, 570 So.2d 1045, 1047 (Fla. 1st DCA), rev. denied, 581 So.2d 166 (Fla. 1991). "[I]t is within the province of the trial court to fix by sentence the punishment within the limits prescribed by statute." Brown v. State, 152 Fla. 853, 857, 13 So.2d 458, 461 (1943). The determination of habitual offender status is part of the "punishment" prescribed by section 775.084, and thus trial judges retain discretion in decisions as to classification under the statute. Thus, in the present case, the trial court's decision not to classify Grimes as an habitual offender was not illegal. On remand, the state may not seek habitual offender status for Grimes as to the eight first degree felonies punishable by life.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH and SHIVERS, JJ., concur.
NOTES
[1] "If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual offender or a habitual violent felony offender, the court shall make that determination as provided in subsection (3)."