PARKER, Judge.
Joseph Alan Henry appeals the sentences imposed in three separate eases. The trial court sentenced Henry as a habitual offender for four felonies (possession of a firearm, burglary of a structure, possession of burglary tools, and burglary)[1] and one misdemean- or (petit theft).[2] We reverse the sentences and remand for correction of the sentencing order on the misdemeanor and for resentenc-ing on the felonies.
First, a trial court cannot impose a habitual felony offender sentence on a misdemeanor. Teasley v. State, 610 So.2d 26 (Fla. 2d DCA 1992), review denied, 618 So.2d 1370 (Fla.1993). This case must be remanded for the trial court to correct the written sentencing order by deleting the habitual offender designation for the petit theft.
The trial court also erred in sentencing Henry as a habitual offender for the possession of a firearm charge because Henry was not sentenced pursuant to section 775.084, Florida Statutes (1989) when the trial court originally placed him on probation for that offense. See Snead v. State, 616 So.2d 964 (Fla.1993). The trial court upon remand must sentence Henry for the possession of a firearm conviction to a guidelines sentence with a permitted bump-up for each violation of probation. See Williams v. State, 594 So.2d 273 (Fla.1992).
Henry finally claims that he should be resentenced because the trial court mistakenly believed that the enhanced penalties were *677 mandatory. The state argued that the trial court merely exercised its discretion in imposing enhanced penalties and was not under the mistaken impression that sentencing as a habitual offender was mandatory. We have reviewed the transcript of the sentencing hearing and conclude that the trial court erroneously thought that it was required to impose enhanced penalties. Because of this mistaken belief, these cases are remanded for the trial court to reconsider the sentences on the remaining three offenses (burglary of a structure, possession of burglary tools, and burglary) as within its discretion. See Bur-dick v. State, 594 So.2d 267 (Fla.1992).
Reversed and remanded.
HALL, A.C.J., and PATTERSON, J., concur.

. The trial court orally pronounced that it was sentencing Henry as a habitual offender for these crimes; however, the written judgment and order of probation for the burglary neither designates nor sentences Henry as a habitual felony offender.

. Henry entered a plea of no contest to these offenses and also to criminal mischief and another count of petit theft. The record does not contain a judgment and sentence for the criminal mischief and second petit theft offenses.