BENTON, Judge,
concurring and dissenting.
I concur in the judgment of the court except insofar as it approves imposition of two punishments for the same offense. No statute authorizes imposition of a habitual offender sentence on a convict who has already been sentenced under the guidelines for the same crime and served ten years of the guidelines sentence in prison. Nor does any court rule purport to authorize such additional punishment.
The decided cases do not support and, indeed, refute the majority’s assertion that such authority exists. The Florida Constitution contains an absolute “prohibition against multiple punishments_ Art. I, § 9, Fla. Const.” Thompson v. State, 650 So.2d 969 (Fla.1994). The federal Double Jeopardy Clause, applicable by virtue of the Fourteenth Amendment, also forbids double punishment for the same offense. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
The crimes of which King was convicted[1] were “punishable as provided in s. 775.082, s. 775.083, or s. 775.084.” §§ 810.02 and 812.13, Fla.Stat. (1989) (emphasis supplied). Under the rule of lenity, codified as section 775.021(1), Florida Statutes (1989), “or” should be given its plain meaning and should *187 not be construed to mean “and” in this context.[2]

The Sentencing Options:

Section 775.082 or Section 775.08k

Felonies of the second degree like the “strong arm robbery” appellant perpetrated are punishable by up to fifteen years’ imprisonment under section 775.082, Florida Statutes (1989), or, as here, because King qualified as a habitual felony offender, by up to 30 years’ imprisonment under section 775.084, Florida Statutes (1989). A court imposing a guidelines sentence under section 775.082, Florida Statutes, might not have the option of the fifteen-year statutory maximum: Sentencing guidelines have presumptive application to sentences imposed under section 775.082, Florida Statutes, and may limit the initial prison term a court can mete out. §§ 921.001 et seq., Fla.Stat.; Fla.R.CrimJP. 3.701, 3.702, and 3.986.
Unlike prisoners sentenced under the guidelines, prisoners sentenced as habitual offenders are, moreover, ineligible for parole, conditional release, or control release, and “basic gain-time” cannot foreshorten their prison terms. § 775.084(4)(e), Fla.Stat. (1989); see Lincoln v. Florida Parole Commission, 643 So.2d 668 (Fla. 1st DCA 1994); Corley v. State, 586 So.2d 432 (Fla. 1st DCA 1991).
A burglary with assault is a felony of the first degree punishable by life imprisonment even under section 775.082, Florida Statutes (1989). Originally sentencing King for this offense under section 775.084, Florida Statutes (1989), might nevertheless have allowed greater protection of the public and harsher punishment of appellant, see generally United States v. Lopez, 706 F.2d 108, 110 (2d Cir.1983), by assuring his incarceration for a longer period. See Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991), quashed in part on other grounds, 594 So.2d 267 (Fla. 1992). Unfettered by sentencing guidelines, a court imposing sentence on a habitual felony offender initially under section 775.084, Florida Statutes, is free to impose the statutory maximum.

Habitual Offender Eligibility Determined

Section 775.084(3), Florida Statutes (1989), prescribed the procedure for determining whether appellant qualified as a habitual felony offender,[3] on the basis of statutory criteria that do not differ in any way material to the present case from those in place today.
“Habitual felony offender” means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified *188 offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any postconviction proceeding.
§ 775.084(l)(a), Fla.Stat. (1989). Since the 1988 amendments, chapter 88-131, section 6, at 706, Laws of Florida, the determination that a defendant qualifies as a habitual felony offender has been characterized as “ministerial.” King v. State, 597 So.2d 309, 313 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992); see McKnight v. State, 616 So.2d 31 (Fla.1993).

Original Sentencing Under Section 775.082

The statutes and cases make clear nevertheless that the trial court must make a genuine choice in deciding whether or not sentencing under section 775.084 is “necessary for the protection of the public.” § 775.084(4)(c), Fla.Stat. (1989); e.g., Burdick, 594 So.2d at 267; Grimes v. State, 616 So.2d 996 (Fla. 1st DCA 1993); King, 597 So.2d at 314; Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990) (“court has the option, under section 775.084(4)(c), Florida Statutes (Supp.1988), of deciding that sentencing under the statute is not necessary for the protection of the public”), review denied, 576 So.2d 291 (Fla.1991), disapproved on other grounds, State v. Washington, 594 So.2d 291 (Fla.1992).
Because the original sentencing judge concluded that no necessity for sentencing appellant as a habitual offender existed, the statute directed that “sentence ... be imposed without regard to ... section [775.084].” § 775.084(4)(c), Fla.Stat. (1989). The trial court ruled, in initially pronouncing sentence:
I believe it appropriate that the Court at this time, first of all, find that you do qualify as a habitual felon offender because of the convictions for felonies within the five years prior to today’s date. The Court, however, believes that considering the guideline sentence, considering the facts and circumstances of this case proved at trial, that the imposition of a sentence under the habitual felon saction [sic] is not necessary for the protection of the public because a satisfactory alternative exists in imposing a guideline sentence and, therefore, I shall not impose sentence in accordance with the habitual felon statute, but I shall hereby sentence you to 10 years in the state prison followed by two years’ probation.
While recognizing that appellant qualified for, and so was in jeopardy of receiving,[4] sentences as a habitual felony offender, the original sentencing judge explicitly rejected the habitual offender option and imposed a guidelines sentence under section 775.082, Florida Statutes (1989) instead. See State v. Rinkins, 646 So.2d 727 (Fla.1994); Geohagen v. State, 639 So.2d 611 (Fla.1994); King, 597 So.2d at 314-15 (“conclud[ing] that a trial judge retains the discretion to ... decide not to sentence the defendant as an habitual offender”).

Second Sentencing For Same Offenses

After appellant had served the prison portion of his guidelines sentences, he was released on probation.[5] Before the probation *189 ary period had elapsed, the court ordered probation revoked on grounds not questioned here. At the resentencing hearing, a different judge ruled:
[T]he Court specifically finds at the time that he was originally placed on supervision that he did, in fact, qualify for the imposition of habitual felony sanctions, and the Court further finds that it is permissible for this Court now to impose those sanctions based on the circumstances as they appeared at the time that he was originally put on probation.
When the court referred to “the time that he was originally placed on supervision” or “put on probation,” the court necessarily made reference to the time when appellant was originally sentenced. Counsel (and appellee) informed the court on the record during the second sentencing hearing that appellant, in accordance with the original guidelines sentence, had served a prison term before being placed on probation. Even so, the second sentencing judge sentenced appellant “as a habitual offender to 30 years in the state prison” for each of the crimes for which he had originally been sentenced under the guidelines, directing the habitual felony offender sentences “to run concurrent,” and allowing credit on each for time already served.

Sentencing Following Revocation of Probation

The original “concept of probation ... was to provide an alternative to the imposition by sentence, of the penalties provided by law for the commission of a criminal offense.” Han-key v. State, 529 So.2d 736, 738 (Fla. 5th DCA 1988) (Cowart, J., dissenting). Section 948.01(2), Florida Statutes (1993) still provides that
If it appears to the court ... that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court ... shall stay and withhold the imposition of sentence upon such defendant and shall place him on probation.
The statutory authority for sentencing after revocation of probation assumes there has been no previous sentence of imprisonment, when it provides: “If ... probation ... is revoked, the court shall ... impose any sentence which it might have originally imposed before placing the probationer ... on probation-” § 948.06(1), Fla.Stat. (1989); see State v. Watts, 558 So.2d 994 (Fla.1990).
Construing these statutory provisions together with the sentencing guidelines requirements, the supreme court has authorized trial courts to “impose a departure sentence for valid reasons which existed at the time [the defendant] was placed on probation,” Williams v. State, 581 So.2d 144,146 (Fla.1991), where a trial court has withheld imposition of sentence[6] of imprisonment and placed the defendant on probation, then imposed sentence of imprisonment for the first time upon revocation of probation. The only prison sentence involved in Snead v. State, *190 616 So.2d 964 (Fla.1993) was also imposed for the first time after probation was revoked.[7]
Absent errors of law or fact at the original sentencing, imposition of a second sentence of imprisonment after a convict has served part of his original prison term is not authorized, except in the ease of “bump-ups” under the guidelines. Florida Rule of Criminal Procedure 3.701(d)(14) provides: “The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.” But the rule unequivocally requires: “Sentences imposed after revocation of probation or community control must be in accordance with the guidelines.” Fla. R.Crim.P. 3.701(d)(14); see Franklin v. State, 545 So.2d 851 (Fla.1989).
The defendant in Davis v. State, 623 So.2d 547, 548 (Fla. 2d DCA 1993) was sentenced to prison followed by probation. He “was not sentenced to prison as a habitual offender, but the sentence form provided that he would serve his probation as a habitual offender.” (The original sentencing judge in the present case never purported to place King on any such “habitualized probation.”) Reversing Davis’ habitual offender sentence imposed on revocation of probation, the court held that, having “served the imprisonment portion of his sentence under the guidelines [, Davis] could not be sentenced as a habitual offender upon revocation of probation.” Davis, 623 So.2d at 548. Other habitual offender sentences imposed after revocation of probation, following imprisonment under the guidelines, have also been reversed. See Thompson v. State, 618 So.2d 335, 336 (Fla. 2nd DCA 1993) (rejecting imprisonment under the guidelines coupled with probation as a habitual offender as an “illegal hybrid sentence”); Moorer v. State, 614 So.2d 643 (Fla. 2d DCA 1993); Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992).
In a somewhat different context (so-called reverse split sentences), our supreme court “has made it clear that sentencing alternatives should not be used to thwart the guidelines. Poore v. State, 531 So.2d 161, 165 (Fla.1988).” Disbrow v. State, 642 So.2d 740 (Fla.1994) (no exemption from guidelines “mentioned ... any place ... in section 948.01”); Lambert v. State, 545 So.2d 838 (Fla.1989); Poore, 531 So.2d at 165 (“the cumulative incarceration imposed after violation of probation always will be subject to any limitations imposed by the sentencing guidelines recommendation”). See Cook v. State, 645 So.2d 436 (Fla.1994).

Florida Constitution Prohibits Double Punishments

“No person shall ... twice be put in jeopardy for the same offense.” Art. I, § 9, Fla. Const. “The guarantee against double jeopardy consists of three separate constitutional protections: ‘It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. ’ North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted) (emphasis added). It is the third protection against multiple punishments for the same offense that is implicated in this case.” Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994).
At one time it was clear, as a matter of Florida constitutional law, that “[o]nce a defendant begins to serve his sentence, the court has no authority to resentence him to a longer term of imprisonment.” Hinton v. State, 446 So.2d 712, 713 (Fla. 2d DCA 1984). “[A]rticle I, section 9, of the Florida Constitution ... provide[s] that no person shall be put in jeopardy more than once for the same criminal offense. ... [R]esentencing on the same charge is a violation of double jeopardy.” Hinton, 446 So.2d at 713. The cases held “that the trial court is without power to set aside a criminal judgment after it has been partly satisfied by the defendant, and impose a new or different judgment increasing the punishment.” Beckom v. State, 227 *191 So.2d 232, 233 (Fla. 2d DCA 1969), citing Smith v. Brown, 135 Fla. 830, 832, 185 So. 732, 733 (Fla.1938); see Troupe v. Rowe, 283 So.2d 857 (Fla.1973).
Just this year our supreme court extended Floridians’ right to be free of double punishments to preclude alteration of terms of probation once probation has begun. Lippman, 633 So.2d at 1064.
Once a person begins serving a lawfully imposed sentence, he may not thereafter be resentenced for an increased term of incarceration. Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla.1991). In Royal v. State, 389 So.2d 696 (Fla. 2nd DCA 1980), the Second District held that where the original five year sentence for a defendant convicted of third degree murder was a legal sentence, the trial court erred in resen-tencing defendant to 15 years. See also Wilhelm v. State, 543 So.2d 434 (Fla. 2nd DCA 1989) (motion to correct illegal sentences, made approximately one year after sentencing, did not give trial court authority to modify legal sentences that had been rendered on other counts); McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988) (resentencing defendant for both attempted murder and forgery, upon remand from appeal of attempted murder sentence, was error in that forgery conviction was unaffected by appeal); Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987): holding limited in part by Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), approved, 545 So.2d 851 (Fla.1989) (double jeopardy was violated by trial court’s resentencing of defendant on remand as to count that was unaffected by prior appeal).
Ruffin v. State, 589 So.2d 403, 404 (Fla. 5th DCA 1991); see Wright v. State, 599 So.2d 179 (Fla. 2d DCA 1992) (holding habitual offender sentence could not be imposed once service of guidelines sentence had begun); Williams v. State, 553 So.2d 729 (Fla. 2d DCA 1989); Daniels v. State, 513 So.2d 244 (Fla. 2d DCA 1987).
Neither the adoption of the guidelines nor the decision in United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) amended the Florida Constitution. See Traylor v. State, 596 So.2d 957 (Fla. 1992). On the other hand, in the context of probationary split sentencing under the guidelines, the rule of Troupe and Hinton has been at least implicitly modified; and, again in this narrow context, the concept of constitutional finality has undergone what might be described as an Orwellian transformation.[8] Even though service of a guidelines *192 sentence has begun, if ensuing probation is revoked, the original guidelines sentence maybe enhanced by “including a one-cell bump-up,” Lambert, 545 So.2d at 840, or on grounds that the scoresheet was inaccurate when sentencing was originally pronounced. Roberts v. State, 644 So.2d 81 (Fla.1994).
Unless the defendant misleads the court as to his eligibility for sentencing as a habitual offender, however, see Harris v. State, 645 So.2d 386 (Fla.1994) (law); Goene v. State, 577 So.2d 1306 (Fla.1991) (facts), imposition of a lawful guidelines sentence on which the convict begins service precludes later imposition of a habitual offender sentence for the same offense. Thompson, 618 So.2d at 336; Moorer; Burrell; Wright v. State, 599 So.2d 179 (Fla. 2d DCA 1992); Davis v. State, 587 So.2d 580 (Fla. 1st DCA 1991); Troupe; Hinton; Beckom. Subsequent revocation of probation does not alter this rule. Davis, 623 So.2d at 548.
[Violation of probation is not itself an independent offense punishable at law in Florida. The legislature has addressed this issue and chosen to punish conduct underlying violation of probation by revocation of probation, conviction and sentencing for the new offense, addition of status points when sentencing for the new offense, and a one-cell bump-up when sentencing for the original offense. It has declined to create a separate offense punishable with extended prison terms. If departure based upon probation violation were to be approved, the courts unilaterally would be designating probation violation as something other than what the legislature intended.
Lambert, 545 So.2d at 841. The court held in Watts that convicts sentenced to probationary split sentences under the Youthful Offender Act were entitled, at sentencing after revocation of probation, to the benefit of the Act’s six-year maximum, despite the State’s contention that “the court was free to resen-tence the defendants under section 948.06(1) to any sentence that the court might have originally imposed.” Watts, 558 So.2d at 996.
The sentences appellant received the second time around also violated his federal constitutional rights. The decision in DiFrancesco does not countenance imposition of successive sentences for the same offense under different, alternative sentencing statutes. See generally Department of Revenue of Montana v. Kurth Ranch, — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Under applicable constitutional, statutory, and rule provisions and under the decided cases, the trial court erred in resentencing appellant under the habitual offender statute after initially imposing a probationary split guidelines sentence for the same offenses. To the extent the majority approves what are in my view unlawful and unconstitutional sentences, I respectfully dissent.

. After trial by jury, King was convicted of two crimes: “strong arm robbery,” a felony of the second degree; and burglary of a dwelling during the course of which he committed a battery, a felony of the first degree punishable by life. Case No. 89-3279-E. In the wake of the adverse jury verdict, King pleaded nolo contendere to other pending charges, three counts alleged in two informations. Cases Nos. 89-3278-E and 89-3280-E. On that basis, he was convicted of two more felonies of the second degree, and a second felony of the first degree punishable by life. All five crimes were "punishable as provided in s. 775.082, ... or s. 775.084." §§ 810.02 and 812.13, Fla.Stat. (1989).

. Both imprisonment under section 775.082 and a fine under section 775.083 may be imposed (if imposed simultaneously) for a single offense, only because section 775.083 specifically provides: "A person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in s. 775.082.” Since section 775.084, Florida Statutes, contains no such language, sentencing may not be imposed under section 775.084 "in addition to ... punishment described in s. 775.082."

. Until October 1, 1988, the trial judge was obliged to make an affirmative “finding that the imposition of sentence under the [habitual offender statute] is necessary for the protection of the public from further criminal activity by the defendant.” § 775.084(4)(a), Fla.Stat. (1987). As to offenses committed after that date, however, there is no requirement to make "specific findings of fact that show the necessity for an enhanced sentence for the protection of the public from further criminal activity.” Newman v. State, 575 So.2d 724, 725 (Fla. 2d DCA 1991); see Arnold, v. State, 566 So.2d 37, 38 (Fla. 2d DCA 1990), review denied, 576 So.2d 284 (Fla. 1991).

. See Arizona v. Rumsey, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984). Compare Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) with United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct 426, 66 L.Ed.2d 328 (1980). We held in Davis v. State, 587 So.2d 580, 581 (Fla. 1st DCA 1991) that the
trial court's initial decision not to find Davis a habitual offender, after considering the evidence and hearing argument on that issue, constituted an acquittal of a habitual offender sentence. See Brown v. State, 521 So.2d 110, 112 (Fla.), cert. denied, 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988); Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla.1991).
citing “appellant’s constitutional right to be free of facing double jeopardy," Grimes v. State, 616 So.2d 996, 998 (Fla. 1st DCA 1993) (corrected opinion), we have refused to allow resentencing under the habitual offender statute on remand from a successful appeal of guidelines sentences.

. Our supreme court decided in Poore v. State, 531 So.2d 161, 164 (Fla.1988), that sentencing courts have "five basic sentencing alternatives ... [including] a ‘probationary split sentence' consisting of a period of confinement, none of which is suspended, followed by a period of probation.” The court made clear that such sentences "always will be subject to any limita *189 tions imposed by the sentencing guidelines recommendation." Poore, 531 So.2d at 165.

. Probation has itself been deemed a sentence for purposes of allowing direct review, even without objection in the trial court, of illegal conditions of probation. Larson v. State, 572 So.2d 1368 (Fla.1991). The supreme court recently held that
the double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation. See Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991) (finding that extension of probationary period at subsequent restitution hearing when sentence already imposed at earlier sentencing hearing violated double jeopardy).
Section 948.06, Florida Statutes (1987), "provides the sole means by which the court may place additional terms on a previously entered order of probation or community control." Clark v. State, 579 So.2d 109, 110 (Fla.1991). Before probation may be enhanced, a violation of probation must be formally charged and the probationer must be brought before the court and advised of the charge. Id. at 110-11; § 948.06(1), Fla.Stat. (1987). Absent proof of a violation, the court cannot change an order of probation by enhancing the terms. Clark, 579 So.2d at 110-11.
Lippman v. State, 633 So.2d 1061, 1064 (Fla. 1994). In these senses, probation has been described as one of "five basic sentencing alternatives in Florida.” Poore v. State, 531 So.2d 161, 164 (Fla.1988). Most recently, however, our supreme court has espoused the more traditional view that a “probationary period is not a 'sentence.' ” State v. Summers, 642 So.2d 742, 744 (Fla.1994).

. In Anderson v. State, 637 So.2d 971, 972 n. 1 (Fla. 5th DCA 1994), language interpreting Snead, while it supports the majority’s position, fails to take into account that Snead had never begun service of a guidelines sentence.

. Citing Scott v. State, 326 So.2d 165 (Fla.) (holding sentence imposed upon revocation of probation after trial on remand may exceed sentence imposed after first trial), cert. denied, 429 U.S. 836, 97 S.Ct. 104, 50 L.Ed.2d 103 (1976), and State v. Payne, 404 So.2d 1055 (Fla.1981) (holding sentence which probationer never began serving could be enhanced on revocation of probation), the Supreme Court of Florida approved a second guidelines sentence for the same offense in the event probation after an initial term of imprisonment was revoked. Poore, 531 So.2d at 164. In concluding that “[s]uch a resentencing does not violate the prohibition against double jeopardy,” Poore, 531 So.2d at 164, the court did not invoke the Florida Constitution by name. Although the Poore language was obiter dicta, the die was cast.
Along came Lambert v. State, 545 So.2d 838 (Fla.1989). In Lambert, we are told by a divided court that it is no longer possible to depart [from the sentencing guidelines] in [sentencing after revocation for] violation [of probation] cases in excess of the authorized one cell bump up[, but enhancement to this extent is permissible.] The same 4—3 majority confirmed this decision in State v. Tuthill, 545 So.2d 850 (Fla.1989) and a unanimous court approved this position in Franklin v. State, 545 So.2d 851 (Fla.1989). A 6-1 majority approved it in Dewberry v. State, 546 So.2d 409 (Fla.1989). A 6-1 majority approved it in Dewberry v. State, 546 So.2d 409 (Fla.1989). In Hamilton v. State, 548 So.2d 234 (Fla.1989) a 5-2 majority again held that factors relating to violations of probation cannot support departure.
Lipscomb v. State, 573 So.2d 429, 431 (Fla. 5th DCA 1991). Looked at one way, when a probationary split sentence is imposed
the original term of confinement is always the maximum allowed by statute. In other words, in originally specifying a period of confinement, the trial court contemplates a longer period of incarceration, the upper end of which it does not disclose to the defendant, and suspends all undisclosed portions thereof during the period of probation.
Carter v. State, 552 So.2d 203, 204 (Fla. 1st DCA) (Barfield, J., concurring), approved, 553 So.2d 169 (Fla.1989). This analysis contemplates that a convict sentenced under the guidelines will (perhaps repeatedly) violate terms of probation on which he embarks when he leaves prison. Whatever the number of violations, the term of *192 confinement cannot exceed the maximum sentence authorized by section 775.082, Florida Statutes, however. State v. Green, 547 So.2d 925 (Fla.1989), superseded by statute as stated in Bradley v. State, 631 So.2d 1096 (Fla.1994).