710 So.2d 628 (1998)
James Earl BATTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04082.
District Court of Appeal of Florida, Second District.
March 27, 1998.
Rehearing Denied May 7, 1998.
*629 Loren D. Rhoton of Giordano, Sandler & Rhoton, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
Beginning in April of 1995 and extending into that year, James Earl Battle was charged with several crimes. In September of 1995, the State filed a notice that Battle would be treated as a habitual violent felony offender. A hearing was not held to determine whether Battle qualified for that result and the trial court did not make findings to support such status. Thereafter, Battle entered guilty pleas in two pending criminal proceedings and ultimately he entered a DACCO program. He performed satisfactorily indicating recovery from a drug addiction. In early May of 1996, Battle was furloughed from DACCO to seek a residence to occupy upon release from the DACCO program. Battle, however, did not return to DACCO, and ultimately, it was alleged that he had violated community control.
Following a hearing, the trial court found that a willful violation of the following conditions of his community control had occurred: (1) moving from DACCO without the prior permission of his community control officer; (2) failing to complete the DACCO program; and (3) failing to remain at his approved residence.
Mitigating evidence was presented on Battle's behalf. A person associated with Operation PAR testified that Battle was in need of long-term residential drug treatment. In addition, there was testimony that Battle did very well at DACCO, was polite and tried his best to comply with the rehabilitation program. Battle also testified that he felt that he did well while in DACCO.
At the conclusion of the mitigating evidence, the trial court sentenced Battle as follows: (1) life imprisonment as a habitual felony offender on the robbery with a deadly weapon charge; (2) ten years' imprisonment as a habitual felony offender on the grand theft motor vehicle charge; and (3) five years' imprisonment on the possession of cocaine charge. All sentences were to run concurrently.
On September 20, 1996, Battle was resentenced to twenty years' imprisonment as a habitual felony offender on a robbery with a deadly weapon charge.
We have considered and assessed each of the points Battle urges in support of his appeal. Thus, we find no error in the trial court's determination that Battle willfully violated community control. Battle had been told that which was expected of him in order to fulfill the conditions of community control. Without recounting each of the evidentiary elements supporting the finding of "willfulness," including his ultimate admission that he had violated community control, the trial court's conclusion is without error. Moreover, there was no error in the resolution of Battle's claim that the trial court erroneously shifted the burden of proof in disposing of the willful violation aspect of this matter.
*630 On the other hand, Battle is correct in his attack upon the habitual offender finding and the imposition of an enhanced sentence upon the revocation of his probation. There is no record evidence that Battle originally received a habitual offender sentence. The judgment and sentence entered following the original sentences do not reveal that the trial court sentenced Battle as a habitual offender. Although the original plea form indicates that Battle was agreeing to a habitualized sentence, there is no record evidence that the trial court in fact imposed an enhanced sentence. Consequently, it was error to sentence Battle as a habitual offender upon revocation of probation. See Henry v. State, 632 So.2d 676 (Fla. 2d DCA 1994); Simon v. State, 684 So.2d 263 (Fla. 4th DCA 1996).
Accordingly, based upon the foregoing, we reverse and vacate Battle's habitual offender sentence and remand this matter for further sentencing consideration consistent with this opinion.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.