CAMPBELL, Acting Chief Judge.
Appellant challenges his judgment and sentence for burglary of a conveyance and robbery. We find no merit in Appellant’s argument that the trial court erred in instructing the jury with the standard burglary instruction and affirm his conviction without further discussion. We do, however, agree with his contention that the trial court erred in sentencing him as a habitual offender.
After Appellant was found guilty, the trial court sentenced him within the sentencing guidelines to concurrent terms of imprisonment of sixty months for the burglary and 72.2 months for the robbery to be followed by five years’ probation. The trial judge signed the judgment and sentence, and Appellant was removed from the courtroom and taken to the local jail to await transport to the Department of Corrections. Thereafter, another assistant state attorney appeared before the trial court and requested that Appellant be brought back to the courtroom because the State had intended to seek a habitual offender sentence. The trial judge ultimately agreed, Appellant was brought back before the court, and after the introduction of the necessary documents, Appellant was resentenced to concurrent terms of ten and thirty years’ incarceration. This was clearly error.
Resentencing on the same charge is a violation of double jeopardy. See Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984). Here, Appellant’s case was completed and he had begun serving his sentence at the time the second assistant state attorney asked that Appellant be re *491 turned to the courtroom and resentenced as a habitual offender. Because Appellant’s guidelines sentence was legal, jeopardy had attached and his sentence could not thereafter be increased. See Troupe.
Accordingly, Appellant’s habitual offender sentences are vacated, and the case is remanded for reinstatement of the original guidelines sentence.
THREADGILL and STRINGER, JJ„ Concur.