BENTON, J.
After he violated community control, Earnest L. Spencer was sentenced as a habitual violent felony offender for the first time. Sentencing him as a habitual violent felony offender, after an earlier decision not to “habitualize” him, violated the rule laid down in King v. State, 681 So.2d 1136 (Fla.1996). We therefore reverse and remand for resentencing.
In keeping with a plea agreement, Mr. Spencer pleaded guilty to aggravated battery and to two misdemeanors, acknowledging in the written plea agreement that his record made him eligible for sentencing as a habitual violent felony offender. The trial court did not, however, originally im *1248 pose a habitual violent felony offender sentence.
Instead, adjudicating him guilty of all three offenses, the trial court pronounced concurrent one-year sentences in county jail for the misdemeanors, and placed him on ten years’ probation thereafter for aggravated battery. After Mr. Spencer completed his jail sentences, he violated conditions of his probation, his probation was revoked, and he was resentenced to community control. When the trial court subsequently revoked community control, it sentenced him to fifteen years’ incarceration as a habitual violent felony offender, albeit with credit for time served.
An illegal sentence is fundamental error which can be remedied at any time, including on direct appeal. See Nelson v. State, 719 So.2d 1230, 1231 (Fla. 1st DCA 1998) (en banc). The sentence appellant received upon revocation of community control was illegal because it “patently fail[ed] to comport with statutory or constitutional limitations.” State v. Mancino, 714 So.2d 429, 433 (Fla.1998). When a sentence has been illegally increased upon resentencing, nothing prevents a reviewing court’s correcting the sentence that results. See Hopping v. State, 708 So.2d 263, 265 (Fla.1998); House v. State, 696 So.2d 515 (Fla. 4th DCA 1997).
“Sentencing under the habitual felon statute is permissive, not mandatory.” King v. State, 681 So.2d 1136, 1138 (Fla.1996). See Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990). In initially placing Mr. Spencer on probation, the trial court rejected the habitual violent felony offender sentencing option. See King v. State, 681 So.2d at 1140. Even after Mr. Spencer’s probation was revoked, moreover, the court did not seek to sentence him as a habitual violent felony offender. Instead, the trial court sentenced him to community control.
Although Mr. Spencer acknowledged in the original, written plea agreement that he met the legal criteria for sentencing as a habitual violent felony offender, he did so before the trial court (twice) decided not to impose a habitual violent felony offender sentence. He agreed to probation but never agreed to “probation as an habitual offender ... [or to any] hybrid split sentence.” Id.
Once the trial court determined that habitual violent felony offender sentencing was inappropriate and imposed a sentence under section 775.082, the original sentence under section 775.082 which Mr. Spencer began to serve precluded resen-tencing under section 775.084. See Davis v. State, 587 So.2d 580, 581 (Fla. 1st DCA 1991). Having originally elected not to enhance Mr. Spencer’s sentence under section 775.084, the trial court had no authority thereafter to enhance his sentence under section 775.084. See King, 681 So.2d at 1140; see also Grimes v. State, 616 So.2d 996, 998 (Fla. 1st DCA 1992); Davis, 587 So.2d at 581. Cf. Hopping, 708 So.2d at 265.
Accordingly, we reverse the habitual violent felony offender sentence later imposed by the trial court, and remand for resen-tencing in keeping with the guidelines.
Reversed and remanded.
ALLEN, J., SPECIALLY CONCURS WITH OPINION.
LAWRENCE, J., DISSENTS WITH OPINION.