PER CURIAM.
Appellant; Juan Valent Simmons, appeals the summary denial of his motion to correct illegal sentence sought pursuant to Florida Rule of Criminal Procedure 3.800(a).- We reverse and remand either for attachment of those portions of the record that conclusively demonstrate that appellant is not entitled to relief, or for further proceedings, if warranted. See King v. State, 681 So.2d 1136, 1140 (Fla.1996)(holding that where original sentencing judge imposed guidelines sentence and defendant served imprisonment portion of his sentence, he could not be sentenced as habitual offender upon revocation of probation); Spencer v. State, 739 So.2d 1247 (Fla. 1st DCA 1999)(“Sentenc-ing [appellant] as a habitual felony offender, after an earlier decision not to ‘habitu-alize’ him, violated the rule laid down in King ... ”); Norton v. State, 719 So.2d 985 (Fla. 5th DCA 1998) (“Because Norton was not sentenced as a habitual offender initially, he cannot be sentenced as such after revocation of probation.”); Battle v. State, *89 710 So.2d 628, 630 (Fla. 2d DCA 1998); Simon v. State, 684 So.2d 263 (Fla. 4th DCA 1996).
Reversed and remanded.
LAWRENCE, DAVIS and VAN NORTWICK, JJ., CONCUR.